IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Earl Cox, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 2943 |
| Worldwide Asset Purchasing, LLC, a Nevada limited liability company, | ) ) ) ) | |
|    Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Earl Cox, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Earl Cox ("Cox"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for a Direct Merchant Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Worldwide Asset Purchasing, LLC ("Worldwide"), is a Nevada limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Worldwide operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Worldwide was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Worldwide is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6.     Defendant Worldwide is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Worldwide conducts business in Illinois.

7.     Moreover, Defendant Worldwide is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Worldwide acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

8.     Mr. Cox is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a Direct Merchant Bank credit card.  At some point in time after that debt became delinquent, it was bought by Defendant Worldwide, and when Worldwide began trying to collect this debt from Mr. Cox, he sought the assistance of the legal aid attorneys at the Chicago Legal

Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

9. Specifically, during 2007, Defendant Worldwide hired Gordon & Wong Law Group ("Gordon") to demand payment of the Direct Merchant/Worldwide debt from Mr. Cox. Accordingly, on December 18, 2007, Mr. Cox's LASPD attorneys informed Defendant Worldwide, through its attorney/agent, Gordon, that Mr. Cox was represented by counsel, and directed Worldwide to cease contacting him, and to cease all further collection activities because Mr. Cox was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter is attached as Exhibit C.

10. Nonetheless, despite being advised that Mr. Cox was represented by counsel and refused to pay the debt, Defendant Worldwide had Gordon send Mr. Cox a collection letter dated, February 16, 2011, demanding payment of the Direct Merchant/Worldwide debt. A copy of this collection letter is attached as Exhibit D.

11. Accordingly, on April 18, 2011, Mr. Cox's LASPD attorneys informed Defendant Worldwide again, through its attorney/agent Gordon, that it must cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

12. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Cox's agent, LASPD, told Defendant to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew, or readily could have known, that Mr. Cox was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), through its attorney/agent, that Mr. Cox

4

was represented by counsel, and had directed a cessation of communications with Mr. Cox. By directly sending Mr. Cox a collection letter (Exhibit <u>D</u>), despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Earl Cox, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Cox, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Earl Cox, demands trial by jury.

                         Earl Cox,

                         By: <u>/s/ David J. Philipps</u>
                         One of Plaintiff's Attorneys

Dated: May 3, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com